UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| OC LORAIN FULTON, LP, | : | CASE NO.: 1:16-CV-2899 |
| Relator, | : |  |
| v. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 4] |
| CITY OF CLEVELAND, | : |  |
| Respondent. | : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In May 2016, the Cuyahoga County Common Pleas Court found that Respondent City of Cleveland effected a taking on Relator OC Lorain Fulton, LP's property by denying zoning approval for new development.[1] The City appealed the decision.[2]

In November 2016, Relator filed a separate state court action seeking a writ of mandamus ordering the City to commence appropriation proceedings.[3]

On December 1, 2016, Respondent removed the latter case from Cuyahoga County Common Pleas Court to this Court.[4] The next day, Respondent requested to stay proceedings pending resolution of the first state court case.[5]

Respondent argues that because this lawsuit is predicated on a state court decision that is being appealed, the Court should impose a stay until the underlying case is resolved.[6]

---

[1] Case No. CV-14-822128; Doc. 1-1 at 4-5.
[2] Doc. 4.
[3] Case No. CV-16-871515; Doc. 1-1 at 1, 5. The first action began with the Cleveland City Planning Commission, but only Ohio courts can issue a writ of mandamus. *Id*. at 4; Ohio Rev. Code § 2731.02. Relator therefore filed a new state court action for a writ of mandamus because such relief was not available in the first state court action.
[4] Doc. 1.
[5] Doc. 4. Relator opposed. Doc. 6. Respondent replied. Doc. 7.
[6] Doc. 4 at 1.

Case No. 16-cv-2899
Gwin, J.

Relator opposes a stay, arguing that a stay would preclude Relator from receiving just compensation.[7] Relator also argues that the case should be remanded to state court because it would be an "extraordinary remedy" for this Court to order the City to commence appropriation proceedings.[8]

The Court remands the case to state court because Relator's claim for just compensation is not yet ripe in federal court.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[9] Ripeness is required for subject matter jurisdiction.[10]

A takings claim is not ripe for review unless a property owner is denied just compensation.[11] Ohio law provides that a government actor seeking to take property is under a duty to bring an appropriation proceeding. If a landowner feels his property is being subjected to a takings without proper proceedings, he must bring a mandamus action to seek compensation.[12]

Relator pursued a writ of mandamus in state court.[13] The City removed the case to this Court before the state court could resolve Realtor's pursuit of just compensation. Because Relator has not yet been denied just compensation in state court appropriation proceedings, it "therefore has no injury necessary to make his case ripe for federal review."[14]

---

[7] [7] Doc. 6 at 1-2.
[8] *Id.* at 3. In Ohio, a private actor (relator) requests a writ of mandamus in the name of the state to an inferior municipal actor, which then requires the municipal actor to take a particular action. *Coles v. Granville*, 448 F.3d 853, 864 (6th Cir. 2006). Here, the Relator seeks a writ of mandamus in the name of the State of Ohio to order the City of Cleveland to start appropriation proceedings. Relator argues that having a federal court order the City to take such action, in the name of the State, interferes with state sovereignty. *See* Doc. 6.
[9] 28 U.S.C. § 1447(c).
[10] *See Bigelow v. Michigan Dep't of Nat. Res.*, 970 F.2d 154, 157 (6th Cir. 1992) ("Ripeness is more than a mere procedural question; it is determinative of jurisdiction.).
[11] *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985).
[12] *State ex rel. Duncan v. Middlefield*, 898 N.E.2d 952, 956 (Ohio 2008).
[13] Doc. 1-1.
[14] *Coles*, 448 F.3d at 866. In *Coles*, Plaintiff had not yet requested mandamus from the state and the Sixth Circuit affirmed the district court's decision to dismiss the case without prejudice. *Id.* at 865-66. While this case has a different procedural posture—as Relator has requested mandamus and the case comes to federal court on removal rather than Relator's efforts—the same reasoning applies. Because Relator has not been denied just compensation through full appropriation proceedings in state court, federal review is improper. *See Deem v. Vill. of Pomeroy,*

Case No. 16-cv-2899
Gwin, J.

Therefore, the case is **REMANDED** to the Cuyahoga County Court of Common Pleas.

IT IS SO ORDERED.

Dated: December 21, 2016                        *s/        James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

*Ohio*, No. 2:13-CV-01160, 2014 WL 1233087, at *2 (S.D. Ohio Mar. 25, 2014), *report and recommendation adopted,* No. 2:13-CV-1160, 2014 WL 2767608 (S.D. Ohio June 18, 2014) (remanding to state court where plaintiff had not yet adjudicated the state mandamus action); *Ohio ex rel. Gleason v. City of Cincinnati*, No. 1:09-CV-0023, 2009 WL 1851386, at *2 (S.D. Ohio June 29, 2009) (remanding to state court where defendant removed plaintiff's mandamus action before the state court could resolve the dispute).